AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | |
|---|---|
| United States of America<br>v.<br><br>NAHSIEM MCINOSH<br><br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.   20-111M |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ MAY 31, 2020 _____ in the county of ____ NEW CASTLE ____ in the

_____ District of ____ DELAWARE ____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(u)and 924(i) | THEFT OF FIREARMS FROM A FEDERAL FIREARM LICENSEE |
| 18 U.S.C 922(g)(1) | FELON IN POSSESSION OF A FIREARM |
| 18 U.S.C. 922(u) | POSSESSION OF A STOLEN fIRARM |

This criminal complaint is based on these facts:

SEE AFFADAVIT INCORPORATED BY REFERENCE

☑ Continued on the attached sheet.

TFo. _____
*Complainant's signature*

Detective Timothy Stock, ATF TFO
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed R. Crim. P.4.1 and 4(d).

Date: ____ 06/02/2020 ____

*Christopher J. Burke*
*Judge's signature*

City and state: ____ Wilmington, Delaware ____

Magistrate Judge Chrsitopher J. Burke
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR
## A CRIMINAL COMPLAINT

Your affiant, Timothy Stock, being first duly sworn, hereby deposes and state as follows:

## INTRODUCTION

1.   Your affiant makes this affidavit in support of an application for a Criminal Complaint against Nahsiem McInosh (hereinafter "MCINOSH") for violations of Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 United States Code, Sections 922(u) and 924(i) (Theft of Firearms from a Federal Firearm Licensee); 18 United States Code, Sections 922(g)(1)(Felon in Possession of a Firearm); and 18 U.S.C. §922 (j)( possession of a stolen firearm).  All information contained in this Affidavit is either personally known by your affiant or has been related to your affiant by other law enforcement agents unless otherwise indicated. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, your affiant has not included each and every fact known to your affiant concerning this investigation. Rather, your affiant have set forth only the facts that your affiant believes are necessary to establish probable cause that the defendant committed the charged crimes.

## AFFIANT BACKGROUND

2.   Your affiant is an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

3.   Your affiant has been a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF") since September of 2018.   Your affiant is also a detective with the Delaware State Police and has been so employed since September, 2004.  Since September 2018 your affiant has been assigned to the Delaware State Police Intelligence Unit where your affiant has been responsible for investigating firearms offenses, Federal Firearm Licensees, and violent crime.  During your affiant's career in law enforcement, your affiant has conducted hundreds of investigations related to firearms offenses and authored or co-authored numerous affidavits in support of search warrants.     Through your affiants training and experience, your affiant has become familiar with the manner in which illegal firearms are trafficked, stored, and distributed.

## FACTS SUPPORTING PROBABLE CAUSE

### a.  Details of the FFL Burglary

1.   On May 31, 2020, a burglary occurred at American Sportsman (located at 2644 Capitol Trail #380, Newark, DE 19711).  During this incident, five (5) suspects made entry into the closed business at three (3) different times and removed thirty-five (35) firearms.  The firearms included both handguns and long guns, as well as accessories, to include cases and magazines.

2.   After being notified about the burglary, the store's owner, George Allen was interviewed and video surveillance footage was obtained.  Additionally, a full inventory of the stolen firearms was obtained which revealed that 35 firearms had been stolen.

3.   Assisting law enforcement officers were able to retrieve and review video surveillance footage of the exterior of the business and conducted a canvass of the surrounding area.  During the canvass, one (1) firearm and handgun magazines were located on the ground in a grassy area

2

adjacent to the American Sportsman. At the time of this affidavit, thirty three (33) stolen firearms are still unaccounted for.

    4. A review of the video surveillance showed that five individuals were involved in the burglary and shows the following:

- Two suspects (Suspect 1 (hereinafter "S1")[1] and Suspect 2 (hereinafter "S2")) damaged the front glass door of the business and made entry at approximately 1:46 a.m. then removed various firearms and fled at approximately 1:47 a.m. .

- At approximately 3:54 a.m. Suspect 3 (hereinafter "S3") entered the business through the damaged front door and removed various firearms. S3 then fled twenty three (23) seconds later. During this time, Suspect 5 (hereinafter "S5") is observed acting as a look-out in the parking lot.

- At approx. 4:06 a.m, S3 returned with Suspect 4 (hereinafter "S4"), and entered the business through the damaged front door. Both S3 and S4 then proceed to remove various firearms and fled approximately thirty three (33) seconds later.

    5. From these observations, your affiant was able to slow the video and identify specific physical and clothing features about each suspect.

    6. S1 appeared to be a tall and thin African American male roughly 18-24 years of age. S1 was observed wearing a dark hooded coat with front zipper, hood over his head (with dark colored interior of the hood and dark drawstrings) and dark/gray colored pants. The pants appear to have a tag above the left knee, and a pocket on the side of the right leg (near the knee/thigh area). The tag on these pants is of the same color and design as "Dickie," a clothing manufacturer. S1's shoes appeared to be white sneakers with black/dark color on the inner and outer sides, as well as the lace area, and have red colored material at the foot/base area towards the heel. S1 had glasses with black/dark frame, and was wearing blue colored latex gloves. S1 was holding a cellular telephone as he entered the business. Still photographs of S1 from the

---

[1] S1 has been identified as MCINOSH.

video surveillance appear below, with arrows pointing to the tags/ pockets on the knee areas of S1:



7. Still images of the suspects were obtained and forwarded through Law Enforcement Avenues in an attempt to identify.

8. On June 1, 2020, your affiant was notified by the Wilmington Police, that S1 resembled MCINOSH who has an Instagram social media account of "COUNTRYBOYSEIM".

9. MCINOSH is prohibited from purchasing or possessing firearms following a conviction in the State of Delaware, New Castle County Family Court for Carrying a Concealed Deadly Weapon in October of 2017.

10. A DELJIS database inquiry on MCINOSH was conducted and revealed a recent mugshot. This photograph was compared to that of the previously identified Instagram social media account. The DELJIS photo is below:





11.   Your affiant compared the above mugshot and Instagram account postings.   Your affiant confirmed that MCINOSH had the same physique, complexion and facial features facial

12.   At 10:05 a.m. on May 31, 2020, MCINOSH posted a photograph of himself on his Instagram account.  This was the same date as the burglary.  This posting occurred approximately eight and one half (8.5) hours after S1 fled American Sportsman.  In that photograph, MCINOSH is wearing gray Dickie pants.  These pants match those of S1.



13.   The pants have the same tag over the left knee area, and there appears to be a pocket on the right outer side of the pant leg. Additionally, the same photograph shows that MCINTOSH's sneakers appear to be the same sneakers worn by S1 during the burglary.

**a.  Surveillance, Recovery and Arrest of MCINOSH**

14.   On June 1, 2020, Special Agents with the ATF were conducting surveillance on 70 Atlantic Avenue, Wilmington, Delaware, MCINOSH's primary residence.  At approximately 12:45 p.m., MCINOSH left the residence in a rideshare vehicle and was

transported to the area of West Center City in the City of Wilmington. Over the next several hours, MCINOSH conversed with a number of people up and down Monroe Street between 5th and 7th Streets. MCINOSH never exchanged or obtained anything from any of his interactions.

15.   At approximately 3:00P.m., MCINOSH occupied a black in color Honda Accord bearing Delaware registration 196999 and proceeded to his residence. MCINOSH exited the vehicle alone and entered the residence. He returned minutes later with a white in color shopping back in his hand and re-occupied the vehicle. Special Agents surveilled the vehicle more closely for fear of a firearm being inside of the vehicle. The vehicle made several quick turns in the Hedgesville area before turning west on Elm Street and then quickly north on Connell Street. As one (1) Special Agent followed the vehicle turn by turn onto Connell Street, Special Agent James Reisch (hereinafter "S/A Reisch") paralleled Connell Street on S. Franklin Street. As S/A Reisch approached the intersection of Chestnut Street and S. Franklin Street he witnessed MCINOSH exit the vehicle and walk briskly east toward an unmarked alley that splits Connell and S. Franklin Streets. S/A Reisch activated his lights and siren and proceeded west on Chestnut Street toward the alley. As S/A Reisch entered the alley and proceeded south he saw MCINOSH walk toward a set of two (2) trashcans that lined the left side of a garage labelled with "207," and then proceed down the alley. MCINOSH appeared to deposit something into one (1) of the trashcans. S/A Reisch exited his vehicle and gave MCINOSH verbal commands to stop. MCINOSH complied and was detained by S/A Reisch. When other Agents arrived S/A Reisch searched the trashcans that he observed MCINOSH in proximity to and located a small black grocery bag containing a Ruger

8

Security 9, 9mm pistol bearing serial number 383-31302 (hereinafter "Ruger"), loaded

with ten (10) Hornady 9mm cartridges.



16.    This firearm was confirmed to be one of the firearms stolen during the May

31, 2020, burglary of American Sportsman, an FFL.  This firearm was manufactured in

Prescott, Arizona and therefore necessarily travelled in interstate commerce.

17.    Upon recovery of the firearm and confirmation that it was involved in the FFL

burglary from May 31, 2020, MCINOSH was placed in S/A Reisch's vehicle and secured.  S/A Reisch entered the vehicle, activated an audio recorder and advised MCINOSH of his rights under the Miranda decision.  MCINOSH indicated that he understood those rights and agreed to speak with S/A Reisch.

18.    At the time of MCINOSH's arrest he was wearing the Dickie style grey pants and white Nike sneakers that matched what he was wearing during the burglary[2].  While in route to Delaware State Police, Troop 2, MCINOSH denied any knowledge of the firearm or that he was involved in the theft of any firearms.

### b.    Interview of MCINOSH

19.    After being advised of his Miranda rights and waiving them in writing, MCINOSH was interviewed at Delaware State Police, Troop 2 at approximately 8:00 p.m. by S/A Reisch and Delaware State Police Detective Deflavau.  The interview was audio and video recorded.  Det. Deflavau advised MCINOSH of his rights under the Miranda decision for a second time.

20.    MCINOSH initially stated that a heavy set subject had sold him the recovered firearm for a sum of $250 in United States Currency.  MCINOSH eventually amended that account and confessed that he obtained the Ruger and other firearms during the burglary of American Sportsman.

---

[2] On June 1, 2020 a warrant was authorized for a search of MCINOSH's residence at 70 Atlantic Avenue, Wilmington Delaware.  This search led to the seizure of the jacket worn by MCINOSH during the burglary.

21.   During the interview, MCINOSH identified himself as the subject in the large coat, the same coat that was recovered during the execution of the Federal Search warrant.

22.   MCINOSH refused to provide further details of the locations of the other firearms or assist in the identification of his co-conspirators.

23.   MCINOSH invoked his right to counsel and the interview was concluded.

## CONCLUSION

24.   Accordingly, your affiant submits there is probable cause to believe that MCINOSH committed violations of Title 18 United States Code, Sections 922(u) and 924(i) (Theft of Firearms from a Federal Firearm Licensee); 18 United States Code, Sections 922(g)(1)(Felon in Possession of a Firearm); and 18 U.S.C. §922 (j)( possession of a stolen firearm).

Respectfully submitted,

Detective Timothy Stock
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me
on June 2, 2020:

HONORABLE CHRISTOPHER J. BURKE
UNITED STATES MAGISTRATE JUDGE

11